IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY JO FINKELSTEIN, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 16-1467 |
| NANCY A. BERRYHILL,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## **I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income ("SSI") and disability insurance benefits ("BID") pursuant to the Social Security Act. Plaintiff filed her applications alleging she had been disabled since February 15, 2009. (ECF No. 9-6, pp. 2, 12). Administrative Law Judge ("ALJ"), David Cusick, held a hearing on June 19, 2015. (ECF No. 9-3). On August 24, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 25-36).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as Amore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.@ *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Residual Functional Capacity ("RFC")[2]

Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 12, pp. 16-20). In support thereof, Plaintiff submits that the ALJ rejected the opinions of Plaintiff's treating sources "without offering reasonable justifications" and did not state the weight given to the opinion of the state agency non-examining reviewer. (ECF No. 12, p. 16, 18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

3

non-examining source. 20 C.F.R. §416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). To that end, State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

4

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Thus, an ALJ can accept or reject opinion evidence, but he must give specific reason for doing so. While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. The ALJ does not discuss, weigh, mention or even cite to the opinions of the state agency doctors. (ECF No. 9-2, pp. 25-36; No. 9-4, pp. 2-27). The doctors' opinions, as part of the record, should have been discussed. 20 C.F.R. §§404.1527; 416.927. Without more, I am unable to tell if the ALJ considered and rejected the opinion or if he failed to consider the same.[3] The ALJ's failure to discuss these opinions prohibits me from conducting a proper and meaningful review. Therefore, I find remand is warranted for further consideration on this issue. On remand, the ALJ must provide a more thorough and well-reasoned discussion of the evidence.[4]

---

[3] While it appears as though the ALJ may have accepted and given great weight to their opinions, that is not for me to speculate nor is it for me to speculate on the reasons why the ALJ may have given these opinions great weight.

5

An appropriate order shall follow.

---

[4]Plaintiff also submits that the ALJ erred in various other ways. For example, Plaintiff suggests the ALJ erred in giving little weight to the opinions of Dr. Marrero (relating to Plaintiff's migraine headaches) and Dr. Narcisse and Mr. French (relating to Plaintiff's mental health). (ECF No. 9-2, pp. 33-34).. (ECF No. 12, pp. 16-20). Since I am remanding as set forth above, the ALJ's opinion regarding those issues will be reevaluated, *de novo,* as well. Therefore, I need not consider them at this time. For clarity purposes, however, I note that Plaintiff takes issue with, *inter alia,* the ALJ's rejecting opinion testimony on the basis of their non-familiarity with the Act's rules, regulations and evidentiary requirements. (ECF No. 12, pp. 17, 19). Plaintiff misconstrues the ALJ's decision in this regard. The ALJ only rejects the opinion evidence relating to the ultimate issue of disability on this basis, as that is an issue reserved specifically for the ALJ. *See,* ECF No. 9-2, pp. 33-34. The remainder of the opinion evidence was rejected for other reasons. *Id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY JO FINKELSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 16-1467 |
| | ) | |
| NANCY A. BERRYHILL,[5] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 21st day of December, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is granted in part and denied in part and Defendant's Motion for Summary Judgment (ECF No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.