IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY JO FINKELSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 16-1467 |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

# MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Alter or Amend Judgment. (ECF No. 19). Plaintiff has filed a Response thereto. (ECF No. 22). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing, North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995). Defendant is seeking reconsideration based on the need to correct a clear error of law or fact to prevent manifest injustice. (ECF No. 20, pp. 2-3, n.2).

On December 21, 2017, this court entered an Opinion and Order granting in part and denying in part Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment and remanding the matter for further administrative proceedings consistent

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

with the Opinion and Order. (ECF No. 17). Specifically, I remanded this case because I found that the ALJ failed to "discuss, weigh, mention or even cite to the opinions of the state agency doctors." (ECF No. 17, p. 5). While it appeared as though the ALJ may have given great weight to the opinions of the state agency doctors, the ALJ's failure to discuss these opinions prohibited me from conducting a proper and meaningful review because I was unable to tell the basis for accepting them and if that basis is supported by substantial evidence. *Id.* Although the ALJ may choose whom to credit when faced with a conflict, he cannot accept or reject evidence for no reason or for the wrong reason. *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

An ALJ is required to discuss and weigh all medical opinion evidence and give specific reasons for his or her determination. 20 C.F.R. §404.1527; §404.927. A plaintiff is entitled to know the reasons for an ALJ's decision to give a medical opinion a specific weight. It is only after an ALJ justifies his decision for giving an opinion specific weight, that its reasoning can be evaluated. Contrary to Defendant's argument otherwise, Plaintiff never conceded that the ALJ discussed and weighed the state agency opinions or that the ALJ gave specific reasons for doing so. Since the ALJ in this case failed to provide any analysis as to why he ostensibly gave great weight to the state agency opinions, I am unable to make a meaningful review as to whether the very specific RFC is based on substantial evidence.

In its Motion, Defendant first suggests that Plaintiff did not raise this issue in her brief and therefore cannot serve the basis for remand. (ECF No. 20, p. 1). I disagree. Plaintiff's first main argument heading is that "the ALJ's finding that Plaintiff could perform unskilled light jobs lacks the support of substantial evidence." (ECF No. 12, p. 16). Additionally, Plaintiff specifically sets forth the statement that the ALJ did not say what weight he gave to the opinion of the state agency non-examining reviewer, Dr. Fox. *Id.* at p. 18. Plaintiff then has to speculate

2

that the ALJ "appears" to have adopted it in its entirety. *Id.* This was not "overlooked" by this court. Rather, it was viewed as raising the issue before me. Consequently, I find no merit to Defendant's argument that the issue was not raised in Plaintiff's Brief.

Defendant next argues that the Appeals Council very specifically addressed this issue. (ECF No. 20, pp. 1-5). Again, I disagree with Defendant. In addressing the issue before the Appeals Council, the Appeals Council merely stated that it found the state agency opinions "consistent" with the residual functional capacity found by the ALJ. (ECF No. 9-2, p. 3). The Appeals Council in no way states what weight the ALJ gave the opinions or the ALJ's basis for the same. Simply because the Appeals Council (or Plaintiff for that matter) acknowledges that the ALJ appears to have given weight to an opinion does not relieve the ALJ of his obligation to discuss and weigh it. Along those same lines, just because a residual functional capacity appears to track an opinion does not relieve an ALJ from his obligation to discuss the basis for presumably giving it great weight.

The review of an administrative order must be judged only upon those bases set forth and disclosed in that order. *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001). Neither the ALJ's decision nor the Appeals Council Action discuss the weight given to the state agency opinions or the basis for the same. Therefore, I find no merit to this argument either.

Finally, Defendant argues that even if the same is true, there is no harm to Plaintiff. (ECF No. 20, pp. 2, 5-8). To that end, Defendant suggests that the failure to discuss the weight assigned to an opinion does not prejudice a plaintiff. (ECF No. 20, p. 5). While I agree that it is not prejudicial to a plaintiff if an ALJ does not use a specific word when assigning the weight to an opinion, he must still discuss the opinion and provide the reason for adopting or rejecting it. Defendant merely assumes that the adoption of the state agency opinions is proper and thus that there is no resulting harm. (ECF No. 20, pp. 5-8). Without a discussion of why the ALJ

3

presumably gave the opinions great weight, however, there is no way to assess whether the decision to do so is based on substantial evidence. Moreover, the state agency opinions in this case cannot be cumulative as there is no other opinion evidence that is similar. The harm in this case is apparent. If the ALJ does not set forth the basis for apparently adopting opinions, Plaintiff does not have clear understanding of why one opinion was credited over another. Furthermore, without the same, this court cannot determine whether an ALJ's opinion is based on substantial evidence. Again, simply because the ALJ appears to have given weight to an opinion does not relieve the ALJ of his obligation to discuss and weigh it in accordance with the regulations.

THEREFORE, this 9th day of April, 2018, after careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion to Alter or Amend Judgment is denied. (ECF No. 19).

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge