IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY JO FINKELSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 16-1467 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# OPINION
# and
# ORDER OF COURT

## I. BACKGROUND

This case was brought pursuant to the Social Security Act. The case was decided in favor of Plaintiff on cross motions for summary judgment on December 21, 2017. (ECF No. 17). Thereafter, Defendant filed a Motion to Alter or Amend Judgment and, after briefing, that motion was denied on April 9, 2018. (ECF No. 23). On April 27, 2018, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (ECF No. 24). Plaintiff seeks an award of $6,053.95 and $400 in costs. (ECF No. 24). Defendant argues that its position was substantially justified and, therefore, fees are not warranted. (ECF No. 27). Plaintiff filed a response thereto. (ECF No. 28). The issue is now ripe for review.

## II. LEGAL ANALYSIS

The EAJA is applicable to final decisions under the Act and provides, in pertinent part, as follows:

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)A). Thus, a prevailing plaintiff in an action for review of a Social Security determination is not entitled to fees and costs where the position of the Commissioner is substantially justified. *Edge v. Schweiker,* 814 F.2d 125, 128 (3d Cir. 1987).

The Supreme Court has defined "substantially justified" under the EAJA as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988). It is the Defendant's burden to prove substantial justification. See *Cruz v. Comm'r. of Social Security*, 630 F.2d 321, 324 (3d Cir. 2010) (*citing Hanover Potato Prods., Inc. v. Shalala,* 989 F.2d 123, 128 (3d Cir. 1993)). In so doing, the Defendant must prove: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Cruz*, 630 F.3d at 324, *citing, Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). Merely because a claimant may prevail on the merits does not mean that Defendant's position was not substantially justified. *Id.*, at 324-25, *citing, Morgan*, 142 F.3d at 684. "Rather, when deciding whether the government is substantially justified, courts should determine whether the government's position has a reasonable basis in both fact and law." *Id.*, at 324, *citing, Morgan*, 142 F.3d at 684.

In this case, I remanded the matter because I found that the ALJ failed to "discuss, weigh, mention or even cite to the opinions of the state agency doctors." (ECF No. 17, p. 5). The ALJ's failure to discuss these opinions prohibited me from conducting a proper and meaningful review. *Id.* In denying the Motion to Alter or Amend Judgment, I found, contrary to Defendant's

arguments otherwise, Plaintiff never conceded that the ALJ discussed the state agency opinions and that the ALJ's failure to mention these opinions was not harmless. (ECF No. 23). Nonetheless, Defendant contends that her position in this case was substantially justified because "it ultimately lost on a single issue that was not a clear locus of Plaintiff's legal challenge in the first place" and that her position that the error was harmless was reasonable since there exist a "compendium of decisions that have reached a contrary conclusion" such that the "outcome was not preordained." (ECF No. 26, pp. 5,10).

Given Defendant's Motion to Alter or Amend Judgment, it is apparent that Defendant did not understand and appreciate the issue raised by Plaintiff in her initial brief that the ALJ erred in failing to discuss the opinions of the state agency reviewers. It is also true that the case was not remanded on any of the issues discussed by Defendant its initial brief but that is because the issue on which this court remanded was a threshold issue and, therefore, the other issues briefed did not require discussion. Rather, in its Motion to Alter or Amend Judgment, Defendant took the opportunity to brief the threshold issue arguing that the ALJ's failure to discuss the state agency medical opinion was harmless. Thus, Defendant had an opportunity to brief the issue and present its argument regarding the same.

On April 9, 2018, this court denied Defendant's Motion to Alter or Amend Judgment. (ECF No. 23). As I explained therein, the opinion of the ALJ failed to address, in any way, the state agency opinions at issue. Additionally, I found that the failure to do the same was not harmless in this case because, without the same, I was unable to determine whether an ALJ's opinion is based on substantial evidence." *Id.* at p. 4. An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. This is not the case where the ALJ failed to adequately explain why he accepted/rejected certain opinion evidence, the specific

weight he/she gave to opinion evidence or where the evidence was cumulative. Here, the ALJ utterly failed to mention this opinion evidence at all. *See*, ECF No. 9-2, pp. 25-36. In such instances, the complete failure to recognize or address the opinions of the state agency doctors fails to meet the basic standard.

Based on the same, I find that Defendant's position was not substantially justified in law. As a result, I find that attorney fees are warranted under the EAJA. Pursuant to the EAJA, the fees and expenses of attorneys must be reasonable. 28 U.S.C. §2412(b). Defendant does not object to the reasonableness of the hours expended or the rate applied by Plaintiff in this case. *See,* ECF No. 26. "A fee award may not be "decreas[ed] ... based on factors not raised at all by the adverse party." *Evans v. Astrue*, No. 12-850-LPS, 2013 WL 6869852, *1 (D. Del. Dec. 30, 2013), *citing, Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989). Consequently, I award attorney fees in the amount of $6,053.95 and $400.00 in costs to Plaintiff.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY JO FINKELSTEIN, | ) | |
|           Plaintiff, | ) | |
| -vs- | ) | Civil Action No. 16-1467 |
| NANCY A. BERRYHILL,[2] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
|           Defendant. | ) | |

AMBROSE, Senior District Judge.

**ORDER OF COURT**

THEREFORE, this 11th day of September, 2018, it is ordered that Plaintiff's Motion for Attorney Fees (ECF No. 24) is granted. Plaintiff, Amy Jo Finkelstein, is awarded attorney fees under the EAJA in the amount of $6,053.95 and $400.00 in costs. These fees are to be paid directly to Plaintiff, Amy Jo Finkelstein, and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.